# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

Angel Reyes DeJesus a/k/a  )
Jason Martinez,  )
    Petitioner,  )
    )
v.  )  1:17cv110 (LO/MSN)
    )
Harold W. Clarke,  )
    Respondent.  )

FILED JAN 19 2018 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

## MEMORANDUM OPINION

Angel Reyes DeJesus, a Virginia inmate, initially filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 pro se, to challenge a life sentence imposed in 1998 for his conviction of first degree murder in the Richmond City Circuit Court. Counsel subsequently noticed an appearance on behalf of petitioner. [Dkt. No. 7] On April 5, 2017, respondent filed a Rule 5 Answer and a Motion to Dismiss the petition with a supporting brief. [Dkt. 8 - 10] On April 22, 2017, petitioner submitted a reply to the Motion to Dismiss with a supporting brief. [Dkt. No. 13 - 14] Accordingly, the matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss the petition must be granted.

### I. Procedural Background

In 1998, a jury convicted DeJesus of first degree murder and use of a firearm in the commission of a felony in the death of Diedre Mikos. DeJesus was seventeen (17) years old when he committed the offenses. The trial court sentenced DeJesus to life in prison for the murder conviction pursuant to Va. Code §16.1-272 and to three additional years for the firearms offense. Case Nos CR97-1802 and -1803.

DeJesus took a direct appeal, arguing that the evidence was insufficient to sustain the

convictions and that the court erred at sentencing in considering certain evidence regarding his criminal history. The Court of Appeals of Virginia denied the petition for appeal on July 22, 1998, sub nom. Martinez v. Commonwealth, R. No. 0267-98-2 (Va. Ct. App. July 22, 1998); Resp. Ex. A. The Supreme Court of Virginia refused a second-tier appeal on January 11, 1999. Martinez v. Commonwealth, R. No. 982022 (Va. Jan. 11, 1999).

In June, 2001, petitioner, through counsel, filed a pleading captioned as a Motion to Vacate Pursuant to Baker v. Commonwealth in the Richmond Circuit Court, alleging that the court lacked jurisdiction to try him as an adult because his father was not notified of the initiation of criminal proceedings. Case Nos. F-97-1802 through -1804. The motion was denied in a Decision and Order dated October 30, 2001, on the holdings that (1) any Baker violation would not have rendered petitioner's convictions void, but merely voidable, and (2) the Motion to Vacate was filed untimely and the claim was barred. DeJesus appealed that decision to the Supreme Court of Virginia, and it refused the appeal on July 9, 2002. (Record No. 020260).

Respondent reports, and the Case Status and Information website of the Supreme Court of Virginia confirms, that DeJesus filed a counseled petition for a writ of habeas corpus in that Court on July 16, 2003 which was dismissed as untimely pursuant to Va. Code §8.01-654(A)(2) on December 5, 2003. Martinez v. Warden, Sussex II Corr. Center, R. No. 031593.

On April 21, 2014, DeJesus filed a "Motion to Vacate Life Sentence" in the Richmond Circuit Court, asserting that his sentence violates the rule announced by the United States Supreme Court in Miller v. Alabama, 567 U.S. 460 (2012). Because petitioner used his original 1997 criminal case numbers in filing the motion, the court dismissed the action as untimely pursuant to Va. Sup. Ct. Rule 1:1, which provides that "[a]ll final judgments, orders and decrees

2

... shall remain under the control of the trial court and subject to be modified, vacated, or suspended for twenty-one days after the date of entry, and no longer." Apparently, petitioner did not appeal that decision. See Pet., Dkt. No. 1 at p. 5.[1]

DeJesus next turned to the federal forum and filed this action for § 2254 relief by placing his petition into his prison's mailing system on January 16, 2017. Pet. at 15; see Houston v. Lack, 487 U.S. 266 (1988). He makes the sole claim that the life sentence based on a conviction of murder imposed while he was juvenile amounts to cruel and unusual punishment in violation of the Eighth Amendment because it does not comport with Montgomery v. Louisiana, __ U.S. __, 136 S.Ct. 718 (2016) and Virginia's geriatric release provision is "inadequate." Pet. at 6.

## II. Facts

In its opinion upholding DeJesus' conviction on direct appeal, the Court of Appeals of Virginia described the evidence as follows:[2]

> .... Rachel Carter arranged for [DeJesus] to sell cocaine to Katherine Dalrymple at Carter's home. The victim, Diedre Mikos, lived with Carter. On the day of the meeting, Dalrymple weighed [DeJesus'] drugs and told him that the weight was off by "about four grams." [DeJesus] agreed to make up the deficiency, but needed a ride to the area of Floyd and Granby streets. Carter drove [DeJesus] to that area. [DeJesus] told Carter to stay in the car. After about ten minutes, [DeJesus] returned to the car and told Carter to wait another twenty-five minutes for him because he had to cook the crack cocaine.
>
> However, [DeJesus] returned to Carter's home without her, and told Dalrymple that Carter had gone to the store to buy cigarettes.

---

[1] It appears that the "Motion to Vacate Life Sentence" and the order dismissing it are not among the state court records that have been supplied to this court.

[2] Because a federal court on habeas review of a state conviction must defer to findings of fact made by state trial and appellate courts, 28 U.S.C. § 2254(d), it is appropriate to look to the state court's recitation of the salient facts.

3

> [DeJesus] and Dalrymple went into the living room. Meanwhile, Mikos and Brian Fisher were in the kitchen making pizza. From the kitchen window, Mikos saw someone in the backyard "creeping" around her car. Fisher let his dog out and gave the command to attack. The dog caught the man by the arm, but the man "shook him off."
>
> Once the dog returned to the house, [DeJesus] became more nervous after learning the dog attacked the man. [DeJesus] and Dalrymple returned to the living room. Dalrymple began to weigh her marijuana that she wanted to exchange for some of [DeJesus'] cocaine. At this point, [DeJesus] pulled out a gun, put it on Dalrymple's head, and demanded all her money. [DeJesus] put the money and Dalrymple's marijuana in a duffle bag. Charles Harris then entered the room, and [DeJesus] demanded Harris' valuables.
>
> [DeJesus] was angry because "his boy" was the man in the backyard. [DeJesus] grabbed Dalrymple and said he was taking her "back to his boys." [DeJesus] told her, "You sic the dog on my boy. You're coming with me." [DeJesus] held the gun against Dalrymple's head and led her into the kitchen. [DeJesus] told the others not to move. The dog went down the hall, and Mikos stood up to follow the dog. The gun [DeJesus] was holding "went off." The bullet went through Dalrymple's arm, and then hit and killed Mikos.

Martinez v. Comm., Resp. Ex. A, slip op. at 1-2.

DeJesus presented no evidence at his sentencing hearing. Tr. 1/22/98 at 22. His counsel, however, urged the court to be lenient because "[b]y any version of the evidence, this kid was 17 years old." Id. at 23-24. The prosecutor countered by arguing that "[f]rom age 15 on, [DeJesus] has taken a pathway that has led him right here. He has gone down the path of a criminal life. Robberies in New York, whether they were four or two, he has admitted that he committed robberies in New York.." In addition, "[t]he presentence report shows that while he was in Richmond, he was in the profession of dealing drugs. ... It was his choice in dealing drugs which brought him to that house on West Main Street." Id. at 27. During allocution, DeJesus expressed remorse for the victim's death and explained, "I was young." Id. at 30. He also told

4

the court that his mother was a drug user and was ill, his step-father's family engaged in "a lot of fighting and violence," he was "trying his best" to get a G.E.D., and he "wish[ed] [he] was the one that was dead that day." Id. at 29-30.

In pronouncing sentence, the trial court noted that it had "reviewed the discretionary sentencing guidelines for first-degree murder," which called for a lower range of 23 years and 2 months to an upper range of 38 years and 7 months. Id. at 16, 32. The court told DeJesus, "I have read the background, and there isn't any question that it was difficult for you," but DeJesus "dealt with guns" and "dealt with drugs" which was "a formula for death and destruction." Id. at 32. On that basis the court departed from the discretionary guidelines and sentenced DeJesus to life in prison for the first-degree murder, concluding that, "It's not a happy event for anybody, especially for this young man, and it's not done lightly." Id. at 33.

### III. Analysis

#### A. The petition is time-barred

Respondent first contends that the federal statute of limitation for §2254 actions bars DeJesus' claim. A § 2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In calculating the one-year limitations period, a court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by §

2244(d)(2), is based on the applicable state law as interpreted by state courts).

In this case, DeJesus' murder conviction became final on April 9, 1999, ninety days after the Supreme Court of Virginia refused his petition for direct appeal on January 11, 1999. Martinez v. Commonwealth, R. No. 982022. Therefore, DeJesus had one year, or until April 11, 2000, to file a timely federal habeas petition. See Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired ...." (citing 28 U.S.C. §2244(d)(1)(A))). Because DeJesus did not file this §2254 petition until January 16, 2017, it is untimely pursuant to 28 U.S.C. § 2254(d)(1)(A).[3]

While DeJesus does not explicitly make the argument, he contends in essence that this § 2254 petition is timely under 28 U.S.C. § 2244(d)(1)(C) because it was filed within one year of the United States Supreme Court's decision in Montgomery, in which the Court determined that Miller v. Alabama applies retroactively. Pet. Mem. at 10 et seq. To obtain a belated commencement of the limitations period under § 2244(d)(1)(C), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right has been ... made retroactively applicable to cases on collateral review; and (3) that he filed his motion within one year of the date on which the Supreme Court recognized the right." United States v. Mathur, 685 F.3d 396, 398 (4th Cir. 2012). If the Supreme Court "decides a case recognizing a new right, a ... prisoner

---

[3]Respondent asserts in his Brief in Support of Motion to Dismiss that DeJesus' convictions became final on "May 27, 1999, ninety days after the Supreme Court of Virginia refused his petition for appeal." Id. at ¶ 12. However, respondent stated earlier in the brief, and the state court record appears to confirm, that the petition for appeal was refused on January 11, 1999. Id. at ¶ 3. Since this federal petition is untimely by a matter of years, this discrepancy is of no practical importance and need not be resolved.

6

seeking to assert that right will have one year from this Court's decision within which to file his [habeas] petition." Dodd v. United States, 545 U.S. 353 (2005). Under § 2244 (d)(1)(C), "'[t]he meaning of 'right asserted' ... is the substantive right that forms the basis for the [habeas petition]." Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). Thus, the § 2244(c)(1)(C) "limitation period runs from the date on which the Supreme Court recognizes the new right, not the date on which the new right was 'made retroactive[].'" Mathur, 685 F.3d at 398 (alteration in original) (citing Dodd, 545 U.S. at 357-58).

The substantive right upon which DeJesus' claim rests was recognized in Miller. In that case, the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" 567 U.S. at 465. In Montgomery, the Court recognized that "Miller announced a substantive rule of constitutional law" which consequently is retroactively applicable to cases on collateral review. 136 S. Ct. at 736.

Thus, DeJesus' argument that this petition is timely under § 2244 (d)(1)(C) because it was filed within one year of the Supreme Court's decision in Montgomery is misplaced. Because the right on which his present claim is based was recognized in Miller, to assert the claim in a timely manner DeJesus was required to have filed it within one year of June 25, 2012, the date on which Miller was decided. See Dodd, 545 U.S. at 358-59; Malvo v. Mathena, 2017 WL 1326563, at *5 (D. Md. Apr. 11, 2017) (citations omitted) (finding that under § 2244 (d)(1)(C), "the timeliness of [a state inmate's § 2254] petition marks from June 25, 2012, when the Supreme Court decided Miller, i.e. when it initially recognized the Eighth Amendment violation, rather than from its later declaration of retroactivity in Montgomery"); Thomas v. Clarke, 2017

WL 4544673 (E.D. Va. Oct. 11, 2017) (same). Because this petition was not filed until January 16, 2017, DeJesus cannot rely on § 2244 (d)(1)(C) to render it timely.

B. <u>The claim is procedurally defaulted</u>

Even if DeJesus were able to overcome the untimeliness of the petition, his claim would be procedurally barred from consideration on the merits. The only apparent effort DeJesus made to exhaust his present claim occurred when he filed a "Motion to Vacate Life Sentence" in the Richmond Circuit Court on April 21, 2014. The motion was denied as untimely, and it appears that DeJesus did not appeal that determination.

Before bringing a federal habeas petition, a state prisoner is required first to exhaust his claims in the appropriate state court. 28 U.S.C. § 2254(b); <u>Granberry v Greer</u>, 481 U.S. 129 (1987). To do so, he "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999). Here, because DeJesus failed to present his current claim to the Supreme Court of Virginia, it is unexhausted.

Moreover, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." <u>Gray v. Netherland</u>, 518 U.S. 152, 161 (1996). Importantly, "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence, and thus prevents federal habeas review of the defaulted claim." <u>Id.</u> at 162. Therefore, such a claim is deemed to be simultaneously exhausted and defaulted for purposes of federal habeas review. See <u>Bassette v. Thompson</u>, 915 F.2d 932 (4th Cir. 1990). Here, because DeJesus' claim would be time-barred

8

were he to try to return with it to the state forum,[4] it is simultaneously unexhausted and procedurally defaulted. See Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir. 1999). Therefore, even if this petition were deemed to have been timely filed, the claim could not be considered on the merits in the absence of a showing of cause and prejudice. Harris v. Reed, 489 U.S. 255, 260 (1989).

C. The claim is without merit

Lastly, even if DeJesus' claim were cognizable on the merits, it would fail. First, his life sentence does not run afoul of the principle announced in Miller because the Supreme Court of Virginia recognizes that Virginia sentences for murder convictions are not mandatory. A Virginia life-without-parole sentence is not mandatory for a capital murder conviction because the court retains the authority to suspend the sentence in whole or in part. Jones v. Commonwealth, 293 Va. 705, 795 S.E.2d 705 (2017). The same discretion is present regarding penalties for first-degree murder in Virginia. Va. Code §§ 18.2-11 and 18.2-32. "Whether a state sentencing statute authorizes or precludes judicial discretion is a matter solely governed by state law. ... [W]hether a state sentencing statute is mandatory (that is, precludes the possibility of mitigation of the prescribed punishment) is a decision to be made by 'state courts.' Miller, 567 U.S. at 467 n. 2 ... It follows that where, as here, a State's highest court treats a sentencing statute as non-mandatory (that is, provides an opportunity to seek mitigation of the prescribed

---

[4]Virginia Code § 8.01-654(A)(2) provides:

> A habeas corpus petition attacking a criminal conviction or sentence ... shall be filed within two years from the date of final judgment in the trial court or within one year from either final disposition of the direct appeal in state court or the time for filing such appeal in state court has expired, whichever is later.

9

punishment), the United States Supreme Court would abide by that interpretation of state law." Jones, 795 S.E.2d at 712. Here, then, DeJesus' sentence for the murder of Diedre Mikos was not mandatory, as demonstrated by the fact that he had the opportunity to present mitigating factors at his sentencing hearing, and did not run afoul of Miller.

Second, Virginia's geriatric release provision, Va. Code § 53.1.40.01, provides prisoners like DeJesus with an opportunity for conditional parole. See, e.g., Angel v. Commonwealth, 281 Va. 275, 704 S.E.2d 386, 402 (2001) (geriatric parole provides a "meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation" as required by the Eighth Amendment); Blount v. Clarke, 291 Va. 198, 782 S.E.2d 152 (2016) (geriatric parole statute provides "an appropriate mechanism" for compliance with the rule announced in Graham v. Florida, 560 U.S. 48 (2010) that a sentence of life imprisonment without parole cannot be imposed on a juvenile for a non-homicide offense); Johnson v. Commonwealth, __ Va. __, 793 S. E. 2d 326 (2016) (same). In LeBlanc v. Mathena, 2015 WL 4042175, *18 (July 1, 2015), a Virginia inmate was granted § 2254 habeas corpus relief on the holding that Virginia's geriatric parole statute "conflict[s] with the dictates of Graham," and the United States Court of Appeals for the Fourth Circuit affirmed. LeBlanc v. Mathena, 841 F.3d 256 (2016). The United States Supreme Court granted the Commonwealth's petition for certiorari and reversed, holding:

> The Court of Appeals for the Fourth Circuit erred by failing to accord the state court's decision the deference owed under the AEDPA. Graham did not decide that a geriatric release program like Virginia's failed to satisfy the Eighth Amendment because that question was not presented. And it was not objectively unreasonable for the state court to conclude that, because the geriatric release program employed normal parole factors, it satisfied Graham's requirement that juveniles convicted of a nonhomicide crime have a meaningful opportunity to receive parole. The geriatric release program instructs Virginia's Parole Board to consider factors like "the individual's history ... and

10

> the individual's conduct ... during incarceration," as well as the prisoner's "inter-personal relationships with staff and inmates" and "changes in attitude toward self and others." ... Consideration of those factors would allow the Parole Board to order a former juvenile offender's conditional release in light of his or her "demonstrated maturity and rehabilitation." Graham, 560 U.S. at 75, 130 S.Ct. 2011. The state court did not diverge so far from Graham's dictates as to make it "so obvious that ... there could be no 'fairminded disagreement'" about whether the state court's ruling conflicted with this Court's case law."

Virginia v. LeBlanc, 582 U.S. __, 2017 WL 2507375, *3 (June 12, 2017) (citations omitted).

Under this controlling authority, it is now apparent that were DeJesus' challenge to his life sentence cognizable on the merits, the deference to decisions of the Supreme Court of Virginia mandated by 28 U.S.C. §2254(d) would require the denial of federal habeas corpus relief.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss this petition will be granted, and the petition will be dismissed with prejudice by an appropriate Order and judgment to be issued with this Memorandum Opinion.

Entered this 19th day of January 2018.

Alexandria, Virginia

/s/
Liam O'Grady
United States District Judge